IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANNY BULGER,<br>**Plaintiff** | : | CIVIL ACTION |
| vs. | : | NO. 17-3726 |
| DANIEL KEENAN and<br>WENDY MCCONNELL,<br>**Defendants** | : | |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                                     September 26, 2017

Plaintiff Danny Bulger, a prisoner incarcerated at the Northampton County Prison, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against the prison director and law librarian. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant the plaintiff leave to proceed in forma pauperis and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice.

**I.    FACTS**

Plaintiff claims that inmates housed in "the Gallery" at Northampton County Prison are not permitted to have access to the law library. (Compl. ¶ II.D.) The complaint indicates that the plaintiff attempted to file a grievance regarding his inability to access the law library or conduct computer research, but that unnamed lieutenants who told him they would get back to him did not do so, and that an Officer Brandon[1] would not call on his behalf despite the plaintiff asking him to do so. (Compl. ¶ VII.E.) Based on those facts, he appears to be asserting a claim that he

---

[1] The complaint does not indicate whether "Brandon" is the officer's first name or last name.

was denied access to the courts. He seeks $5,000 per day for each day that he was treated unfairly, beginning on June 15, 2017. (Compl. ¶ VI.)

## II. STANDARD OF REVIEW

Plaintiff is granted leave to proceed in forma pauperis because it appears he is not capable of prepaying the fees to commence this action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).[3] [4]

## III. DISCUSSION

Prisoners retain a right to access the courts to pursue direct or collateral challenges to their sentences and to challenge their conditions of confinement. See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). A prisoner claiming that the defendants' actions "have inhibited [his] opportunity to present a past legal claim[] . . . must show (1) that [he] suffered an 'actual injury' – that [he] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that [he has] no other 'remedy that may be awarded as recompense' for the lost claim other than in

---

[2] However, as plaintiff is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

[3] "[M]ere conclusory statements[] do not suffice." Id.

[4] As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

2

the present denial of access suit." Id. "[T]he underlying cause of action, . . . is an element that must be described in the complaint." Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Here, the complaint fails to state a claim because it does not describe the underlying claim in a manner that would allow the Court to conclude that it was nonfrivolous or arguable. To the contrary, the only information discernable from the complaint is that the plaintiff wanted to conduct computer research in the law library and was prevented from doing so. Those allegations are insufficient on their own to establish that plaintiff suffered an actual injury. Nor does the complaint allege that plaintiff has no other remedy to compensate him for his lost claims.

Furthermore, "[t]o state a viable § 1983 claim against an individually named defendant, the plaintiff must set forth facts in his Complaint showing how each such individually named defendant was personally involved in the alleged deprivation of his constitutional rights." Bright v. Westmoreland Cnty., 380 F.3d 729, 740 n.3 (3d Cir. 2004). Here, plaintiff named two defendants—Director Keenan and Wendy McConnell. However, plaintiff has not stated a claim against those defendants because nothing in the complaint describes how they were responsible for violating plaintiff's rights, whether due to their own misconduct or their deliberate indifference to known deficiencies in a policy or procedure that violated plaintiff's rights. See Barkes v. First Corr. Med., Inc., 766 F.3d 307, 320 (3d Cir. 2014), reversed on other grounds, Taylor v. Barkes, 135 S. Ct. 2042 (2015).

IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is without prejudice to the plaintiff's right to file an amended

complaint in the event that he can cure the defects noted above. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.